### FRAKER v. A. G. HYDE & SON.

(Supreme Court, Appellate Division, First Department.    December 3, 1909.)

1. MASTER AND SERVANT (§ 3*)—CONTRACT OF EMPLOYMENT—VALIDITY—DEFINITENESS.

A contract of employment by a corporation, providing that an employé, in addition to his salary, should receive 7 per cent. of the net profits of the corporation's yearly business, after allowing for the annual dividend, was not insufficient, as indefinite, because not stating the amount of such dividend, since whatever dividend might be declared was to be deducted before computing the 7 per cent., and if no dividend should be declared the percentage would be computed on the entire annual net profits.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 2; Dec. Dig. § 3.*]

2. MASTER AND SERVANT (§ 3*)—CONTRACT OF EMPLOYMENT—VALIDITY—DEFINITENESS.

That the amount to which the employé would be entitled could not be ascertained until the completion of the year would not make a contract indefinite, nor that it was uncertain whether there would be any net profits.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 2; Dec. Dig. § 3.*]

3. CONTRACTS (§ 9*)—VALIDITY—DEFINITENESS.

Whether a contract is sufficiently definite must be determined as of the time when it was made, and it cannot be rendered indefinite by subsequent acts of a party thereto.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 16; Dec. Dig. § 9.*]

Appeal from Trial Term, New York County.

Action by E. Porter Fraker against A. G. Hyde & Son. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

John J. Lenehan, for appellant.
James J. Allen, for respondent.

INGRAHAM, J. This case was before this court on a former appeal, where a judgment dismissing the complaint was reversed, and a new trial ordered. 127 App. Div. 620, 111 N. Y. Supp. 757. The facts are stated in that opinion, and it is not necessary to restate them. We there held that the resolution of the board of directors providing for the employment and compensation of the plaintiff was evidence of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the contract, and that under that agreement the plaintiff was entitled to receive from the defendant, in addition to the $10,000 a year as treasurer, 7 per cent. of the net profits; and the plaintiff, having performed the contract, was entitled to receive the amount so provided. The plaintiff had been in the employ of the defendant several years prior to the year 1905. He had received during these years an annual salary, and for the year 1904 had, under a resolution of the board of directors, passed February 23d of that year, in addition to his salary 6.75 per cent. of the profits of the business. On January 9, 1904, there was an agreement signed by the defendant corporation, by its president, employing the plaintiff for the term of one year from January 1, 1905, to December 1, 1905, at a salary of $10,000 a year, payable semiannually; it being understood that either party could annul the contract by giving 30 days' notice in writing to the other party. At a meeting of the board of directors of March 4, 1905, it was resolved:

"That the board of directors apportion to the following named gentlemen the specified percentage of the net profits of the business for the year 1905, after allowing for the annual dividend, set opposite their respective names: * * * E. P. Fraker, 7 per cent."

And at the same meeting the board of directors fixed the salary of the president at $60,000 and the salary of the other officers of the company. On the same day a letter was written by the president, advising the plaintiff that at a meeting of the board of directors it was decided to apportion to him 7 per cent. of the net profits of the business of the year 1905, after allowing for the dividend of 6 per cent.

After the parties had rested, the defendant moved to dismiss the complaint, upon the ground that the contract of employment was too indefinite, as it provided that the 7 per cent. was to be computed upon the net profits of the business after the payment of the annual dividend, that there was no statement in the resolution as to what dividend should be paid, that the directors at the end of the year declared no dividend, and that this left the whole contract indefinite. The court adopted that contention and dismissed the complaint. In this, I think the court was clearly in error. Under this resolution the plaintiff was to receive, in addition to his salary, 7 per cent. of the net profits of the business, after deducting from such profits such annual dividend as the company should be pleased to declare. If the company declared no dividend, then there was nothing to deduct from the annual net profits. If the company actually declared the dividend, then the dividend so declared was to be deducted from the net profits, and the amount of net profits, less such dividend, was to be the amount upon which the plaintiff's percentage was to be calculated. Certainly the defendant could not, by refusing to declare a dividend, relieve itself from the obligation assumed by it by this resolution.

The contract was either definite or indefinite when made. It certainly could not be rendered indefinite by any act of the defendant after the contract was made. There is no doubt as to just what the parties meant and just what obligation the defendant assumed. The company had been in the habit of paying a dividend of 6 per cent. upon its capital stock, and agreed to divide among these employés a certain percentage of the profits of the company, less such dividend as the

directors of the company should annually declare. If it declared a dividend, that amount was to be deducted. If it declared none, then each of these employés was entitled to his percentage upon the net profits when deducted. It is quite true that the amount to which the plaintiff would be entitled could not be ascertained until the close of the business year, when the net profits would be ascertainable; but the fact that the amount to which the plaintiff would be entitled could not be ascertained until the completion of the year did not make the contract indefinite, and the fact as to whether or not there should be net profits being indefinite did not make the contract indefinite by which the defendant obligated itself to pay a percentage of the net profits if such existed. That such was clearly the intention of the corporation appears by the construction that they had given to this resolution by paying to each of the employés named the salary fixed and in addition this percentage of the net profits.

It seems to me clear that there was no ambiguity in the contract. Upon the proof the plaintiff was clearly entitled to recover 7 per cent. of the net profits of the business during the year, in addition to the salary fixed, and for that amount the plaintiff was entitled to judgment.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.